# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| AJAI BHATIA,<br>    Plaintiff,<br><br>v.<br><br>YALE UNIVERSITY, ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>3:06cv1769 (SRU) |

## RULING and ORDER

Defendants filed a motion to dismiss on February 27, 2007 (document # 20). By Local Rule, the plaintiff's response to the motion was due within twenty-one days of filing. Local R. Civ. P. 7(a)1. Bhatia filed a motion for extension of time until May 7, 2007 to file a response, which I granted (doc. #24). On May 11, 2007, I issued a notice, informing Bhatia that if he did not file his response to the motion to dismiss by June 7, 2007, the motion to dismiss would be granted and the case would be closed. On July 30, 2007, the plaintiff filed a "Motion for Order," explaining that his late filing was due to a stroke that he suffered, and in large part re-submitting verbatim his Complaint. I will consider that filing a reply to the defendants' motion to dismiss. For the following reasons, defendants' motion to dismiss is granted.

Bhatia seeks to hold the defendants liable under 42 U.S.C. § 1983, and also seeks to invoke the jurisdiction of this court under 28 U.S.C. § 1343(a).

A.   Section 1983

Section 1983 authorizes a court to grant relief when state or municipal officials, or other individuals acting under color of state law, violate a plaintiff's federally protected rights. Here, none of the defendants is a state or municipal official. The Yale School of Medicine is a private entity, as are its employees John Leventhal and Lisa Radigon. The Supreme Court has set forth

tests to determine when private individuals' conduct constitutes state action. In this case, the most applicable doctrine to apply is the joint-participation doctrine. Under this doctrine, state action is present when private persons act in concert with public officials. "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of [section 1983]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *U.S. v. Price*, 383 U.S. 787, 794 (1966)). The joint-participation test requires a conspiracy or concerted action. A conspiracy requires an agreement or meeting of the minds to violate federally protected rights. *See, e.g., NCAA v. Tarkanian*, 488 U.S. 179 (1988). Here, Bhatia has not alleged facts that, if true, could support a finding of state action under section 1983. Accordingly, Bhatia's section 1983 claims are dismissed for failure to allege state action.

B.     <u>28 U.S.C. § 1343(a)</u>

28 U.S.C. § 1343(a) provides that:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

Subsections (1) and (2) of section 1343(a) apply to violations of 42 U.S.C. § 1985, which prohibits conspiracies to interfere with an individual's civil rights. Here, the intra-corporate immunity doctrine bars conspiracy claims against the defendants. Under that doctrine officers, agents, and employees of a single corporate entity are legally incapable of conspiring together when acting within the scope of their employment. *Tardd v. Brookhaven Nat'l Lab.*, 497 F. Supp. 2d 404, 414 (E.D.N.Y. 2006). An exception applies where the plaintiff can demonstrate the employees were acting in their personal interests, wholly and separately from the corporation. *Tardd*, 497 F. Supp. 2d at 414. Bhatia has not alleged facts that would support that exception. Here, the defendants are a single entity or employed by that single entity, the Yale School of Medicine. Bhatia has not alleged that the defendants were acting outside the scope of their employment in a wholly personal capacity. Since the defendants cannot be conspirators, Bhatia's complaint does not implicate section 1985 and subsections (1) and (2) of section 1343(a) cannot provide Bhatia relief.

Subsection (3) of section 1343(a) applies to violations occurring under color of state law. For the reasons discussed above with respect to Bhatia's section 1983 claims, he has not pled facts that if true would support a finding that the defendants acted under color of state law. Similarly, Bhatia is not entitled to relief under subsection (4) of section 1343(a), because he has not pled facts that would support a finding that the defendants violated his civil rights.

C. Statute of Limitations

The defendants argue in their motion to dismiss that Bhatia's claims are time-barred under Connecticut's statute of limitations. Although I do not now address whether Bhatia's claims are timely, he should be prepared to address this issue if he chooses to re-plead in the

future.

D.  Conclusion

For the reasons discussed above, Bhatia's claims under 42 U.S.C. § 1983 and under 28 U.S.C. § 1343(a) are dismissed.  At this point, I decline to exercise supplemental jurisdiction over Bhatia's state law claims.  *See* 28 U.S.C. § 1367; *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

Therefore, defendants' motion to dismiss (**doc. #20**) is granted without prejudice to the filing of an amended complaint within thirty (30) days from the date of this order.  Any such amended complaint must allege a basis for holding the defendants liable as state actors.  Bhatia's motion for service of process (**doc. #21**) is denied as moot.  Bhatia's motion for appointment of counsel (**doc. #31**) is denied, in light of the fact that I already ruled on Bhatia's motion for appointment of counsel.  *See* doc. #29.  Bhatia's "Motion for Order," (**doc. #35**) which I am considering his reply in this matter, is also denied.  The clerk shall close this case.

It is so ordered.

Dated at Bridgeport, Connecticut, this 30th day of September 2007.

/s/
Stefan R. Underhill
United States District Judge